Monica Kane, Cal. Bar #223261
Jewish Family & Children's Services
2534 Judah Street
San Francisco, CA 94122
Tel. (415) 449-2912
Fax (415) 449-2901
Email: monicak@jfcs.org

Attorney for Victor Volovnikov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDL

Victor Volovnikov,  ) Civil No. 07   3607
) 
    Plaintiff,  ) PETITION FOR HEARING ON
) NATURALIZATION APPLICATION
    vs.  ) PURSUANT TO 8 USC SECTION 1447(b)
)
Department of Homeland Security, Michael ) USCIS Case No.: A 71 623 294
Chertoff, Secretary; United States )
Citizenship and Immigration Services, )
Emilio T. Gonzalez, Director; United States )
Citizenship and Immigration Services, )
Rosemary Melville, District Director; US )
Attorney General, Alberto Gonzales; )
Federal Bureau of Investigation, Robert S. )
Mueller, III, Director )
)
)
    Defendants.  )
)

Plaintiff, by his attorneys, complaining of Defendants, alleges as follows:

1. Plaintiff is an individual and resident of the United States who resides in the jurisdiction of this Court. Plaintiff's claim to naturalization arises under 8 United States Code (hereinafter "USC") Section 1421.

2. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (hereinafter "DHS"). This action is brought against him in his official capacity. He is

generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of DHS. 8 U.S.C. §1103(a); 8 C.F.R. §2.1.

3. Defendant Emilio T. Gonzalez is the Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), an agency within DHS to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision. Defendant Director is generally charged with the overall administration of benefits and immigration services.

4. Defendant Rosemary Melville is the Director of the San Francisco District of USCIS. She is generally charged with supervisory authority over all operations of USCIS within her District, including the San Francisco and San Jose Field Offices, with specific exceptions not relevant here. 8 C.F.R. §100.2(d)(2)(ii).

5. Defendant Alberto Gonzales is the Attorney General of the United States. He is the head of the U.S. Department of Justice, which includes the Federal Bureau of Investigation (FBI).

6. Defendant Robert S. Mueller, III, is the Director of the FBI, the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of Homeland Security. As it will be shown, Defendant has failed to complete the security clearances on Plaintiff's case.

7. All Defendants are sued herein in their official capacities. Defendants from DHS and USCIS are responsible for the grant or denial of naturalization applications filed in the San Francisco USCIS district pursuant to 8 USC Sections 1421, 1427 and 8 Code of Federal Regulations (hereinafter "CFR") Sections 2.1, 103.1(b), 310.2, 316.3. Defendants from the Department of Justice are responsible for providing access to criminal history record information.

8. The Court has jurisdiction of this action pursuant to 8 USC Sections 1447(b) and 2201.

9. On or about March 14, 2005, Plaintiff filed his application for naturalization with USCIS.

10. On or about August 3, 2005, Defendants and their designated agent examined Plaintiff on his application at the USCIS San Francisco Field Office.

11. At his examination, Defendants' agent told Plaintiff that he passed his examination but a decision could not yet be made on the application.

12. Plaintiff has inquired about the status of his naturalization application through USCIS. The inquiry response confirmed that his application is pending due to security checks. On May 11, 2007, Plaintiff's counsel sent a letter to the District Director and indicated that Plaintiff would file this Petition unless his case was adjudicated within 30 days. Neither Counsel nor Plaintiff has received a response to this letter.

13. Plaintiff understands the necessity of background checks, but he was examined almost two years ago and Defendants have made no decision on Plaintiff's application. Defendants have been unable to provide any estimate as to when they will adjudicate the application and most likely would allege that they cannot adjudicate it until the background checks have been completed. It is Plaintiff's position that two years is more than a reasonable amount of time in which to conduct background checks in this case. The FBI found no records relating to him when Plaintiff requested a copy of his FBI file.

14. The Defendants' failure to make a determination of Plaintiff's application within 120 days after his examination allows Plaintiff to bring the matter to this Court for a hearing pursuant to 8 USC Section 1447(b).

15. Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a citizen of the United States.

1  WHEREFORE, Plaintiff prays that:

2  1. The Court will hear Plaintiff's case and render a declaratory judgment that he is entitled to be naturalized, and

3  2. The Court grants such further relief as may be just, lawful and equitable to the premises.

Dated this 9th day of July, 2007

*Monica Kane*

Monica Kane
Jewish Family & Children's Services
2534 Judah Street
San Francisco, CA 94122