1    JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
2    JOANN M. SWANSON (CSBN 88143)
     Chief, Civil Division
3    MELANIE L. PROCTOR (CSBN 228971)
     Melanie.Proctor@usdoj.gov
4    Assistant United States Attorney

5        450 Golden Gate Avenue, Box 36055
         San Francisco, California 94102-3495
6        Telephone: (415) 436-6730
         FAX: (415) 436-6927
7
     Attorneys for Defendants
8
                        UNITED STATES DISTRICT COURT
9
                     NORTHERN DISTRICT OF CALIFORNIA
10
                          SAN FRANCISCO DIVISION
11
     VICTOR VOLOVNIKOV,                    )    No. C 07-3607 EDL
12                                         )
                          Plaintiff,       )
13                                         )
                   v.                      )
14                                         )
     Department of Homeland Security,      )    DEFENDANTS' REPLY TO PLAINTIFF'S
15   MICHAEL CHERTOFF, Secretary;          )    OPPOSITION TO DEFENDANTS'
     U.S. Citizenship and Immigration Services, )  MOTION TO REMAND
16   EMILIO T. GONZALES, Director; U.S.    )
     Citizenship and Immigration Services, )    No Hearing by Stipulation and Court Order
17   ROSEMARY MELVILLE, San Francisco      )
     District Director; United States Attorney )
18   General, MICHAEL B. MUKASEY;*         )
     ROBERT S. MUELLER, III, Director of the )
19   Federal Bureau of Investigation,      )
                                           )
20                        Defendants.      )
                                           )
21   _____ )

22   ///

23   ///

24   ///

25   ///

26   ///

27

28   *Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor,
     Alberto Gonzales, as the United States Attorney General.
     DEFENDANTS' REPLY
     C 07-3607 EDL

# I. INTRODUCTION

Plaintiff opposes Defendants' Motion to Remand, and asks the Court to grant his application for naturalization. Alternatively, Plaintiff suggests that the Court should hold a hearing to determine whether Plaintiff's application should be granted.[1] The U.S. Citizenship and Immigration Services ("USCIS") has not been able to render a decision on Plaintiff's application because his name check remains pending. Congress has directed USCIS to refrain from adjudicating naturalization applications until all background checks are complete. The fact Plaintiff was interviewed prior to the completion of his background check does not excuse him from this Congressional mandate. Accordingly, Defendants respectfully ask the Court to remand the matter to the agency for adjudication upon completion of the necessary background investigation.

# III.   ANALYSIS

### A.    THE COURT SHOULD DECLINE TO ADJUDICATE PLAINTIFF'S APPLICATION IN THE ABSENCE OF A COMPLETED BACKGROUND INVESTIGATION

Plaintiff asserts that the Court should retain jurisdiction over this matter, and make a determination regarding whether he should be naturalized. Plaintiff's Opposition, p. 8. Plaintiff relies on two cases in support of his argument. See Plaintiff's Opposition, pp. 8-9. However, the vast majority of courts facing similar facts have declined to hold a naturalization hearing. See, e.g., Lecky v. Gonzales, No. C 07-0007 SI, 2007 WL 1813644, at *1-2 (N.D. Cal. June 22, 2007) ("The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions."); Syed v. Chertoff, No. H-06-0506, 2007 WL 1080100, at *3 (S.D. Tex. Apr. 9, 2007) (following majority of courts and declining to hold hearing in absence of completed background investigation); Osowa v. Gonzales, No. 06-15602, 2007 WL 1101216, at *2 (E.D. Mich. Apr. 5, 2007) (declining to decide naturalization application in the absence of completed background investigation); Stepchuck v. Gonzales, No. C06-570RSL, 2006 WL 3361776, at *5 (W.D. Wash. Nov. 17, 2006) (noting the majority of courts faced with an

---

[1] Plaintiff erroneously asserts that Defendants have not asserted any affirmative defenses. Plaintiff's Opposition, p. 5. In fact, Defendants set forth five affirmative defenses in their Answer. See Defendants' Answer, p. 3, Docket No. 3.

1  incomplete background investigation have declined to decide the application); El-Daour v. Chertoff,

2  417 F. Supp. 2d 679, 683-84 (W.D. Pa. 2005) (noting that the incomplete criminal background check

3  prevented the court from deciding the plaintiff's application).

4      Plaintiff seems to argue that because no records have been produced in response to an alleged

5  Freedom of Information Act ("FOIA") request, no derogatory information could possibly exist.

6  Plaintiff's Opposition, p. 9. As explained in Defendants' Motion and the Cannon Declaration, the

7  name check searches the records in the Central Records System. Defendants' Motion, p. 4 and Exh.

8  B, pp. 2-3 ¶¶ 4-5. Because the records contained in the Central Records System are investigatory

9  files, they are not covered by a FOIA request. See 5 U.S.C. § 552(b)(7) (exempting records or

10  information compiled for law enforcement purposes from FOIA).

11      Plaintiff asserts, without basis, that if his case is remanded to U.S. Citizenship and

12  Immigration Services that he "will be assured of nothing other than further delay." Plaintiff's

13  Opposition, p. 9. To the contrary, the adjudicating officer has declared that once the

14  Congressionally mandated background investigation is complete, the case will be adjudicated.

15  Defendants' Motion, Exh. A, p. 4 ¶ 13. Moreover, USCIS has requested an expedite of Plaintiff's

16  name check. Id. Accordingly, there is nothing to suggest that Plaintiff's application will remain

17  pending indefinitely.

18      Finally, Plaintiff argues that delays in the name of national security interests are not

19  justifiable or recognized legal grounds for a delay of this magnitude. Plaintiff's Opposition, p. 15.

20  Congress has specifically required the completion of a name check prior to adjudication of

21  applications for naturalization. See Departments of Commerce, Justice, and State, the Judiciary, and

22  Related Agencies Appropriations Act of 1998, Pub. L. 105-119, 111 Stat. 2440, 2448-49 ("[D]uring

23  fiscal year 1998 and each fiscal year thereafter, none of the funds appropriated or otherwise made

24  available to the Immigration and Naturalization Service shall be used to complete adjudication of

25  an application for naturalization unless the Immigration and Naturalization Service has received

26  confirmation from the Federal Bureau of Investigation that a full criminal background check has

27  been completed . . . ."). USCIS cannot render a decision because it unfortunately interviewed

28  Plaintiff prior to the completion of the required background investigation. Courts have noted that

1  the agency's failure to follow this Congressional directive does not relieve the applicants of the

2  statutory requirement. <u>Stepchuck v. Gonzales</u>, 2006 WL 3361776, at *5; <u>Shalabi v. Gonzales</u>, 2006

3  WL 3032413, at *4 (E.D. Mo. Oct. 23, 2006). Defendants respectfully ask the Court to remand the

4  case to the agency for adjudication upon completion of the requisite background investigation.

5          B.      <u>THE NON-HOMELAND SECURITY DEFENDANTS SHOULD BE DISMISSED</u>

6          Plaintiff also opposes Defendants Mukasey and Mueller's suggestion that they should be

7  dismissed from the Complaint. Plaintiff's Opposition, p. 13. Neither the Attorney General nor the

8  Director of the Federal Bureau of Investigation have any authority to adjudicate applications for

9  naturalization. <u>See</u> 6 U.S.C. §§ 271(b)(2) (transferring authority to adjudicate naturalization

10  applications from the former Commissioner of the Immigration and Naturalization Service to the

11  Director of USCIS), 557 ("With respect to any function transferred by or under this chapter

12  (including under a reorganization plan that becomes effective under section 542 of this title) and

13  exercised on or after the effective date of this chapter, reference in any other Federal law to any

14  department, commission, or agency or any officer or office the functions of which are so transferred

15  shall be deemed to refer to the Secretary, other official, or component of the Department to which

16  such function is so transferred."). Accordingly, at a minimum, Defendant Mukasey is not properly

17  named.

18          Plaintiff argues that the FBI has a "mandatory duty to act." Plaintiff's Opposition, p. 15.

19  However, no court has held that the FBI owes a duty to the alien applicant. Rather, courts have

20  recognized that if a duty is owed, it is owed to USCIS. <u>Eldeeb v. Chertoff</u>, 2007 WL 2209231, at

21  *21-22 (M.D. Fla. July 30, 2007). Plaintiff may not assert a claim on behalf of USCIS.

22          For this reason, Defendants respectfully ask the Court to join the vast majority of courts

23  across the nation, and recognize that the FBI is not properly named in litigation seeking adjudication

24  of applications for immigration benefits. <u>See</u> <u>Liang v. Attorney General of the United States</u>, No.

25  07-cv-02349 CW, slip. op., at 6-7 ("the APA does not confer jurisdiction over the FBI in connection

26  with an action for judicial review of the USCIS's failure to act on an adjustment of status

27  application") (N.D. Cal. Oct. 30, 2007); <u>Clayton v. Chertoff, et al.</u>, No. 07-cv-02781-CW, slip. op.,

28  at 4-7 (N.D. Cal. Oct. 1, 2007) (dismissing non-Homeland Security defendants because neither the

Federal Bureau of Investigation ("FBI") nor the Attorney General have the statutory obligation or authority to adjudicate adjustment applications); <u>Eldeeb v. Chertoff</u>, No. 07-cv-236-T-17EAJ, 2007 WL 2209231, at *21 (M.D. Fla. July 30, 2007) (dismissing the FBI, stating that the duty owed by the FBI is to USCIS, not the plaintiff); <u>Konchitsky v. Chertoff</u>, No. C-07-00294 RMW, 2007 WL 2070325, at *6-7 (N.D. Cal. July 13, 2007) (stating "courts squarely addressing the issue of whether they have jurisdiction to compel the FBI to perform name checks . . . have overwhelmingly concluded that they do not."); <u>Yan v. Mueller</u>, No. H-07-0313, 2007 WL 1521732, at *6 (S.D. Tex. May 24, 2007) ("The evidence shows that the delay is due, not only to the volume of requests that the FBI receives, but also to the FBI's <u>exercise of discretion</u> in determining the timing for conducting the many name check requests that it receives and the manner in which to conduct those checks." (emphasis added)); <u>Dmitriev v. Chertoff</u>, No. C 06-7677 JW, 2007 WL 1319533, at *4 (N.D. Cal. May 4, 2007) (dismissing the FBI without comment on jurisdiction); <u>Li v. Chertoff, et al.</u>, 482 F. Supp. 2d 1172, 1179 (S.D. Cal. 2007) ("Additionally, Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in any period of time, reasonable or not.");  <u>Sozanski v. Chertoff, et al.</u>, No. 06-cv-0993, 2006 WL 4516968, at *1 (N.D. Tex. Dec. 11, 2006) (holding that federal district courts lack jurisdiction to compel the FBI to perform name checks in adjustment of status cases).  Defendants Mukasey and Mueller should be dismissed from the Complaint.

## V.    CONCLUSION

Based upon the foregoing discussion, Defendants respectfully ask the Court to dismiss Defendants Mukasey and Mueller, and remand this matter to USCIS for adjudication upon completion of the requisite background investigation.

Dated: January 15, 2008                                         Respectfully submitted,

                                                                              JOSEPH P. RUSSONIELLO
                                                                              United States Attorney

                                                                              _____/s/_____
                                                                              MELANIE L. PROCTOR
                                                                              Assistant U.S. Attorney
                                                                              Attorneys for Defendants